**CITY AND COUNTY OF DENVER,
acting By and Through its BOARD
OF WATER COMMISSIONERS**

v.

**ITT GRINNELL CORPORATION, a Delaware corporation; Martin E. Eby Construction Co., Inc., a Kansas corporation; Insurance Company of North America, a Pennsylvania corporation; Federal Insurance Company, a New Jersey corporation; and Northwest Pipe & Casing Co., an Oregon corporation.**

Civ. A. No. 83–C–1049.

United States District Court,
D. Colorado.

Feb. 13, 1985.

Wayne D. Williams, Henry V.S. Hall, Oscar Goldberg, Richard P. Slivka, David L. Dain, Bosworth & Slivka, Denver, Colo., for plaintiff.

Arthur Downey, Kenneth Gulley, David G. Palmer, Peter C. Houtsma, Paul D. Rula, Denver, Colo., John R. Trigg, Chris Mattison, Hall & Evans, Denver, Colo., for defendants.

ORDER

CARRIGAN, District Judge.

By order of October 5, 1984 I struck the plaintiff's motion for reconsideration of Magistrate Schauer's order of August 3, 1984 as untimely. Plaintiff has moved for reconsideration asserting that the motion was timely under 28 U.S.C. § 636(b)(1)(A) (1982). The plaintiff continues to misread the statute.

Section 636(b)(1) has two distinct parts. Subsection 636(b)(1)(A) permits non-dispositive pretrial matters to be referred to a magistrate for *determination.* Local Rule 602C governs *motions for reconsideration* of such determinations. Subsection 636(b)(1)(B) permits dispositive matters to be referred to a magistrate for the submission of *proposed findings of fact and recommendations for disposition* to a judge. Local Rule 603 governs *objections* to such proposed findings and recommendations.

Plaintiff asserts that the following paragraph of 28 U.S.C. § 636(b)(1) applies to motions for reconsideration under subsection 636(b)(1)(A) as well as to objections under subsection 636(b)(1)(B):

"Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions."

Although the paragraph is typeset in such a way as to make it appear to apply to both subsections 636(b)(1)(A) and (B), by its language it very clearly refers only to *objections to proposed findings and recommendations.* The explicit language of the provision prevails over the placement of the margin.

Local Rule 602 C, therefore, is not inconsistent with the statute. Under that rule, the plaintiff's motion for reconsideration was untimely.

Accordingly,

IT IS ORDERED that the plaintiff's motion for reconsideration of this court's order of October 5, 1984 is denied.